# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 1065 - 6 | **DATE** | 3/6/2003 |
| **CASE TITLE** | USA vs. Louis Marin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of defendant Louis Marin to dismiss his superceding indictment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | | 104 |
| | Notified counsel by telephone. | | MAR 07 2003 date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 3/6/2003 date mailed notice | |
| MD | courtroom deputy's initials | 03 MAR -7 PM 3:40 Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. 00 CR 1065 |
| | ) | Judge Joan H. Lefkow |
| PETER BOUZANIS, GEORGE PALIVOS, | ) | |
| JACPG, INC., PETER PALIVOS and | ) | |
| LOUIS MARIN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DOCKETED
MAR 0 7 2003

## MEMORANDUM OPINION AND ORDER

This case revolves around the April 1996 sale of a restaurant named Waterfalls located in Antioch, Illinois. Codefendant JACPG sold the restaurant to codefendant Peter Bouzanis ("Bouzanis"). The indictment alleges that Bouzanis obtained a loan from The Money Store Investment Corporation ("The Money Store"), which loan was partially guaranteed by the United States Small Business Administration, and that JACPG and others secretly and fraudulently financed the capital that Bouzanis was required to provide to close the transaction. Defendant Louis Marin ("Marin") is a broker who introduced Bouzanis to The Money Store.

Presently before the court is Marin's motion to dismiss Count Eight (the only count in which he is named) of the Fourth Superseding Indictment. According to the indictment, Marin assisted Bouzanis in preparing an individual tax return (Form 1040) that Bouzanis filed on February 29, 1996 for the 1994 tax year, and that the return declared a false, inflated income of $52,000.00. That tax return was submitted to The Money Store in support of the loan application to make Bouzanis appear a better credit risk than he actually was. The government charges Marin with aiding, counseling and causing the preparation and presentation of a false and

fraudulent tax return to the Internal Revenue Service ("IRS") which Marin did not believe was true as to every material matter, in violation of 26 U.S.C. § 7206(2) (Fraud and false statements)[1] and of 18 U.S.C. § 2 (Principals).[2] Marin argues that the indictment does not allege the elements of an offense under § 7062(2) and that the statute of limitations bars the prosecution. The motion is denied for reasons stated below.

## DISCUSSION

### A. Sufficiency of the indictment

Marin argues that the indictment fails to allege an offense under 26 U.S.C. § 7206(2) in that it fails to allege a necessary element: that the tax return was "fraudulent or false as to any material matter." He rests his argument on the fact that Bouzanis's income was overstated rather than understated, which statement although false is not fraudulent because, he contends, it was not material.

---

[1] 26 U.S.C. § 7206(2) (Aid or assistance) states:

Any person who--[w]illfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, . . . which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, . . . shall by guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000, . . . or imprisoned not more than 3 years, or both, together with the costs of prosecution.

[2] 18 U.S.C. § 2 (Principals) states:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offenses against the United States, is punishable as principal.

2

Marin concedes that pecuniary loss to the government is irrelevant to § 7206(2),[3] but he argues that "there must be some obstruction, delay or impairment of revenue function relating to the false statement itself rather than the actual attainment of its end as measured by collateral circumstances." (Def. Mem. at 2.) If Marin means by this opaque statement that the government must allege and prove some actual impairment of IRS function, so that if the effect was only to aid Bouzanis in obtaining a loan from The Money Store and thus there is no violation, he is without support in case law. Marin relies solely on *United States v. Potstada*, 206 F. Supp. 792 (N.D. Cal. 1962), which ruled in line with many other cases that an indictment stated a violation of § 7206(2) where it alleged that the defendant had procured the filing of a gift tax return containing a false statement even though in fact no tax was due, *i.e.*, "that defendant obtained for the government a tax that actually was not owing." *Id.* at 793. Marin lifts language from *Potstada* in which the court referred to cases interpreting § 7206(2) and its predecessor, as well as the general false statement act, 18 U.S.C. § 1001, and commented, "the courts seem to hold that it is not necessary to allege any pecuniary loss to the United States as the result of such false statements, and, that *it is sufficient to allege and prove obstruction, delay or impairment of governmental functions.*" *Id.* at 794 (emphasis added). The government's burden to allege and prove obstruction, delay or impairment of governmental functions, however, was not at issue in

---

[3]Although making this concession, Marin cites *United States v. Whyte*, 699 F.2d 375, 379 (7th Cir. 1983), as authority for the rule that materiality means understatement of gross income. This statement in *Whyte* was made in the context of whether the question of materiality is for the court or the jury. Thus, Marin takes the reference to out of context and *Whyte* has no bearing on the definition of materiality. *See United States v. Minneman*, 143 F.3d 274, 279 (7th Cir. 1998) (the defendants argued that because the defendant-taxpayer could have, but did not, take a deduction that would offset gross income, "the defendants did not have a financial motive to defraud the government" and thus the defendants did not falsify the return under 26 U.S.C. § 7206(1) and 18 U.S.C. § 371 (conspiracy to impede the IRS). The court disagreed, stating that "the amount of taxes owed is irrelevant to a prosecution for tax fraud.").

3

*Potstada* and thus it has no persuasive force concerning the argument Marin advances. Among the cases the *Potstada* court referenced is a Seventh Circuit case, *United States* v. *Borgis*, 182 F.2d 274 (1950), but this court searches that case in vain also for the rule of law on which Marin would rely.

In any event, neither case would govern over *United States* v. *Peters*, 153 F.3d 445, 461-62 (7th Cir. 1998), on which the government relies. There, the defendant argued that the government had to prove a tax deficiency in order to convict under § 7206(1),[4] which argument amounted to a contention that unless there was a tax deficiency the false statement was not material. The court rejected that argument, holding that proof of a tax deficiency was not essential to prove materiality. The court set out the elements of the offense including a definition of "material": "A false statement is 'material' when it has 'the potential for hindering the IRS's efforts to monitor and verify the tax liability' of the corporation and the taxpayer." *Id.* at 461, quoting *United States* v. *Greenberg*, 735 F.2d 29, 32 (2d Cir. 1984); *see United States* v. *DiVarco*, 484 F.2d 670, 673 (7th Cir. 1973) (Even though the government did not prove understatement of income, the court held that a false statement as to source of income on a tax return was material, relying in part on the policy that the IRS is entitled to accurate information). There is, of course, no question that the amount of income on a tax return is material in that it

---

[4]26 U.S.C. § 7206(1)(Declaration under penalties of perjury):

Any person who–[w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;

Although the cases cited in the briefs deal mainly with § 7206(1), the parties do not dispute, nor does the court disagree, that the Seventh Circuit's interpretation of the elements of the offense is also applicable to aiding and abetting under § 7206(2).

would have the *potential* for hindering the IRS's efforts to monitor and verify Bouzanis's tax liability; thus it follows that this indictment alleges a violation of § 7206(2).

**B.    Statute of limitations**

Marin's statute of limitations argument rests on the argument rejected above that the indictment fails to allege a violation of § 7206(2). Inasmuch as that argument has been rejected, so also is the argument that the prosecution is time-barred.

**ORDER**

Accordingly, the court denies Marin's motion to dismiss his indictment.

ENTER: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 6, 2003